[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12000
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00326-JEC-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR COVERA-PENALOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 11, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Covera-Penaloza appeals his 23-month sentence, imposed after he pled guilty to re-entering the country after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2).  On appeal, Covera-Penaloza argues that his sentence was unreasonable because (1) the guideline range was based primarily on a felony conviction that occurred almost 20 years ago; (2) he had no other felony convictions and the remainder of his criminal history, which was mainly for DUI and simple battery, stemmed from his untreated alcohol dependency; (3) his reasons for re-entering the country were to be with his family and work; and (4) he had a history of being a hard worker.

We review the reasonableness of a sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  We review the sentence's substantive reasonableness under the totality of the circumstances.  *United States v. Pugh*, 515 F.3d 1179, 1190–91 (11th Cir. 2008).  We are obliged to remand for resentencing if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *Id.* at 1191.  A court's unjustified reliance on any one § 3553(a) factor may be a "symptom of an unreasonable sentence," and a sentence may be substantively unreasonable when the court fails to consider pertinent § 3553(a) factors.  *Id.* at 1191–92.

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A court of appeals may apply a presumption of reasonableness to a district court sentence within the Guidelines." *Rita v. United States*, 551 U.S. 338, 338, 127 S. Ct. 2456, 2457 (2007). Additionally, a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that defendant's sentence was reasonable in part because it was well below the statutory maximum penalty).

The § 3553(a) factors include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). Other factors include the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). Finally, the statutory maximum term of imprisonment for an alien whose removal was subsequent to a conviction for the commission of an aggravated felony is 20 years' imprisonment. 8 U.S.C. § 1326(b)(2).

3

Upon review of the record and consideration of the parties' briefs, we affirm.

The sentence was substantively reasonable, based on the totality of circumstances. *See Pugh*, 515 F.3d at 1191. In imposing the sentence, the district court did not unjustifiably rely on Covera-Penaloza's aggravated felony from 1993. Rather, the court's explanation for the sentence made it clear that the sentence length was due, in large part, to Covera-Penaloza's continued disrespect for the law and the danger his criminal conduct posed to the public. *See* 18 U.S.C. § 3553(a)(2). Given (1) Covera-Penaloza's criminal history, which included numerous DUI convictions committed after he illegally re-entered the country; (2) that the sentence was within the applicable guideline range; and (3) that the sentence was well below the statutory maximum penalty, his 23-month sentence was substantively reasonable. *See Talley*, 431 F.3d at 788; *Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**